UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN BELLEFANT,

                Plaintiff,                Case No. 23-cv-10666
                                             Hon. Matthew F. Leitman

v.

CLEOPHUS BRAY, *et al.*,

                Defendants.

_____/

**ORDER (1) ADOPTING IN PART REPORT AND RECOMMENDATION (ECF No. 35); (2) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 27); (3) TERMINATING DEFENDANT SHARON OLIVER'S MOTION TO DISMISS (ECF No. 8) AND OBJECTION TO REPORT AND RECOMMENDATION (ECF No. 38) AS MOOT; (4) GRANTING PLAINTIFF LEAVE TO FILE A FIRST AMENDED COMPLAINT; AND (5) WITHDRAWING REFERENCE TO MAGISTRATE JUDGE**

Plaintiff Stephen Bellefant is a state inmate in the custody of the Michigan Department of Corrections (the "MDOC").  On December 12, 2023, Bellefant, appearing *pro* se, filed this prisoner civil-rights action against the Defendants in the Ingham County Circuit Court. (*See* Compl., ECF No. 1-2.)  Defendants thereafter removed this action to this Court. (*See* Notice of Removal, ECF No. 1.)  In his Complaint, Bellefant alleged that the Defendants violated his constitutional rights when they failed to provide him appropriate medical care when he was incarcerated at the Saginaw Correctional Facility ("SRF"). (*See id.*)  Bellefant brought his claims

1

against the following individuals who worked at SRF: corrections officer Cleophus Bray, nurse Kathleen Leffingwell, sergeant Randy VanSumeren, nurse Carla Gross, nurse Curtina Jones, and Dr. Sharon Oliver. He also named certain John Doe and Jane Doe Defendants that he was unable to identify by name.

On April 27, 2023, Dr. Oliver filed a motion to dismiss Bellefant's claims against her. (*See* Mot., ECF No. 8.) In that motion, Dr. Oliver argued that Bellefant had failed to plead sufficient facts in support of his claims against her. (*See id.*) On August 14, 2023, Defendants Leffingwell, Gross, and Jones filed a motion for summary judgment on the basis that Bellefant failed to exhaust his claims against them. (*See* Mot., ECF No. 27.) Bellefant, still proceeding *pro se*, responded to the motions. He conceded that he had not exhausted his claim against Jones but opposed both motions in all other respects. On December 13, 2023, after the motions were fully briefed, Bellefant retained counsel and that counsel appeared in this action on Bellefant's behalf (*See* Appearance, ECF No. 34.)

On December 21, 2023, the assigned Magistrate Judge issued a report and recommendation (the "R&R") in which she recommended that the Court (1) deny Dr. Oliver's motion to dismiss and (2) grant Leffingwell's, Gross', and Jones' motion for summary judgment in part and deny the motion in part. (*See* R&R, ECF No. 35.) The Magistrate Judge first recommended that the Court grant summary judgment in favor of Jones on the basis that Bellefant had not exhausted his claim

against her and that the Court dismiss the claim against Jones without prejudice (*See id.*, PageID.327-328.)  The Magistrate Judge then recommended that the Court allow the following claims to proceed:

- Bellefant's claim that Bray, VanSumeren, and Jane and John Does witnessed Bellefant's medical emergency the evening of May 17, 2022, but ignored Bellefant's request for healthcare and did not notify healthcare; and

- Bellefant's claim that Gross, Leffingwell, Bray, VanSumeren, and Jane and John Does were deliberately indifferent when they ignored Bellefant's request for necessary medical treatment in May 2022.

(*Id.*, PageID.331.)  At the conclusion of the R&R, the Magistrate Judge informed the parties that if they wanted to seek review of her recommendation, they needed to file specific objections with the Court within fourteen days.  (See *id.*, PageID.331-332.)

The Court begins its analysis with the portion of the R&R addressing the motion filed by Defendants Leffingwell, Gross, and Jones.  No party has filed an objection to that portion of the R&R.  Nor has any party contacted the Court seeking additional time to file objections.  The failure to object to any portion of an R&R releases the Court from its duty to independently review the matter. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). *See also Ivey v. Wilson*, 832 F.2d 950, (6th Cir. 1987) (explaining that where party fails to file "timely objections" to report and recommendation, court may accept that recommendation "without expressing any

view on the merits of the magistrate's conclusions"). Likewise, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Accordingly, because no party filed any objections to the portion of the R&R addressing the motion filed by Defendants Leffingwell, Gross, and Jones, **IT IS HEREBY ORDERED** that the Magistrate Judge's recommended disposition of that motion is **ADOPTED**. The motion is **GRANTED IN PART AND DENIED IN PART** as described above. More specifically, the Court grants summary judgment in favor of Jones on the basis that Bellefant has not exhausted his claims against her, and the Court **DISMISSES** the claims against Jones **WITHOUT PREJUDICE**. **IT IS FURTHER ORDERED** that the following claims may proceed:

- Bellefant's claim that Bray, VanSumeren, and Jane and John Does witnessed Bellefant's medical emergency the evening of May 17, 2022, but ignored Bellefant's request for healthcare and did not notify healthcare; and

- Bellefant's claim that Gross, Leffingwell, Bray, VanSumeren, and Jane and John Does were deliberately indifferent when they ignored Bellefant's request for necessary medical treatment in May 2022.

The Court next turns to the portion of the R&R addressing Dr. Oliver's motion. Dr. Oliver has objected to that portion of the R&R. (*See* Objections, ECF No. 38.)

4

On February 9, 2024, the Court held an on-the-record status conference with counsel to discuss Dr. Oliver's objection.  For the reasons discussed with counsel, rather than rule on the objections and on Dr. Oliver's motion to dismiss, the Court instead will **GRANT** Bellefant leave to file a First Amended Complaint to address the alleged deficiencies in his allegations described by Dr. Oliver in her motion to dismiss.  As the Court discussed with Bellefant's counsel during the status conference, the Court does not anticipate allowing Bellefant another opportunity to amend to add factual allegations against Dr. Oliver that he could now include in his First Amended Complaint.  Simply put, this is Bellefant's opportunity to amend his allegations to cure the alleged deficiencies in his claims against Dr. Oliver.  Bellefant shall file his First Amended Complaint by no later than **March 4, 2024**.  Because the Court is granting Bellefant leave to file a First Amended Complaint, the Court will **TERMINATE AS MOOT** Dr. Oliver's motion to dismiss and her objections to the R&R.

Finally, because Bellefant has now retained counsel, the Court will **WITHDRAW** its prior reference of this case to the Magistrate Judge and will proceed over this action moving forward.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  February 12, 2024

5

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 12, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126